IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01475-OES
**(The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.)**

JOHN ROBERT LEONARD, SR.,

     Plaintiff,

v.

INTERNAL REVENUE SERVICE,

     Defendant.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 14 2005

GREGORY C. LANGHAM
CLERK

_____

ORDER DIRECTING PLAINTIFF TO FILE  AMENDED COMPLAINT
_____

     Plaintiff John Robert Leonard, Sr., initiated the instant action by submitting to the

Court *pro se* a complaint against the Internal Revenue Service (IRS) with numerous

unexplained attachments, as well as what appears to be a supporting brief.  Mr.

Leonard asks for silver coins as damages.  He has been granted leave to proceed

pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2005).  Mr.

Leonard is advised that he continues to use the wrong docket number for this action.

The assigned docket number is 05-cv-01475, not 05-cv-01474.  He will be directed to

use the proper docket number in all future filings in this action.

     The Court must construe the complaint liberally because Mr. Leonard is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Leonard will be ordered to file an amended complaint.

The Court has reviewed the complaint and finds that it is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. A complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Leonard has failed to make clear which claims are asserted pursuant to which statute. *See* Fed. R. Civ. P. 8(a)(1). Mr. Leonard also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim clearly and succinctly, Mr. Leonard

2

makes vague allegations concerning the IRS placing a lien against his property.

Mr. Leonard apparently expects the Court to sift through his allegations and attachments to determine his claims. That is not the Court's job. It is Mr. Leonard's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendant nor the Court is required to do this work for him.

Mr. Leonard's complaint is deficient and subject to dismissal. Although the complaint must be construed liberally, the Court should not assume the role of advocate for the *pro se* litigant. *See Hall*, 935 F.2d at 1110. A complaint must specify, simply and concisely, the specific claims for relief the plaintiff is asserting.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Leonard should be given an opportunity to file an amended complaint that clarifies the claims for relief he is asserting. Each claim must be supported with specific factual allegations that demonstrate how the IRS violated Mr. Leonard's rights. He will be directed to do so below. Accordingly, it is

ORDERED that Mr. Leonard is directed to use the assigned docket number, 05-cv-01475, in all future filings in this action. It is

FURTHER ORDERED that Mr. Leonard file **within thirty (30) days from the date of this order**, an original and a copy of an amended complaint that clarifies the

3

claims for relief he is asserting.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint" and shall be filed with the clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Leonard, together with a copy of this order, two copies of the following form to be used intact to submit the amended complaint:  Complaint.  It is

FURTHER ORDERED that Mr. Leonard submit sufficient copies of the amended complaint to serve each named defendant.  It is

FURTHER ORDERED that, if Mr. Leonard fails to file, **within thirty (30) days from the date of this order**, an original and sufficient copies of an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the requests filed on August 15 and 17, 2005, for Magistrate Judge Boyd N. Boland to answer eighty questions is denied.

DATED at Denver, Colorado, this /4 day of _September_____, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01475-OES

John Robert Leonard, Sr.
c/o 2603 Grand Ave.
Grand Junction, CO 81501


    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint form** to the above-named individuals on _9/14/05_


GREGORY C. LANGHAM, CLERK

By: _____

          Deputy Clerk